UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE: | CASE NO: |
|---|---|
| Gale Haig Walker | CHAPTER: 13 |
| | NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY |
| DEBTOR(S) | CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

    A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan (See exhibits to SC LBR 3015-1 and 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as Not Applicable or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

    B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

    A. <u>Nonpossessory, Nonpurchase - Money Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase- money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| **1st Capital Finance (Household goods)** | **2,200.00** | **0.00** | **2,200.00** | **500.00** | **0.00** | **100% of Claim** |
| **Republic Finance (Household goods)** | **2,200.00** | **0.00** | **2,200.00** | **3,601.50** | **0.00** | **100% of Claim** |

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

B. <u>Judicial Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien Not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **Preferred Credit Inc (Vacuum Cleaner)** | **500.00** | **None** | **720.00** | **500.00** | **220.00** |
| **Rooms To Go (Furniture)** | **500.00** | **None** | **3,323.00** | **500.00** | **2,823.00** |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| **AT&T** | **150.00** | **0.00** | **0.00** | **Regular payments to be paid by Debtor** |

### III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the trustee)</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$1,520.00** per month for a period of **60** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

### IV. PLAN DISTRIBUTIONS TO CREDITORS.
To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

A.  Attorney for the debtor:
    1.  The debtor and the debtors attorney have agreed to an attorneys fee in the amount of $  <u>  3,500.00  </u>  for the services identified in the Rule 2016(b) disclosure statement filed in this case.  The amount of $<u>   0.00  </u> was paid prior to the filing of the case.  The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

    2.  If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

B.  Secured Creditor Claim:  The plan treats secured claims as follows:

    1.  General Provisions:  The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. §362(c)(3) or (c)(4).) Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

    2.  Long-term or mortgage debt.  No default:

    The debtor is current on obligations to **Ocwen Loan Service** and will continue regular payments directly to that creditor. Description of collateral: **628 Fountain Court, Fort Mill, SC 29715, York County**

    The debtor is current on obligations to **Select Portfolio Servicing** and will continue regular payments directly to that creditor. Description of collateral: **628 Fountain Court, Fort Mill, SC 29715, York County**

    3.  Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

        a.  Arrearage payments.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to -NONE- at the rate of $(payment amount) or more per month, for (collateral description), along with (percentage)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

        b.  Maintenance of regular non-arrearage payments. Beginning (month and year), the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

4. Secured portion of claims altered by valuation and lien avoidance:

The trustee shall pay **Preferred Credit Inc (Vacuum Cleaner)** the sum of **$10.00** or more per month, along with **5.25%** interest until the secured claim of **$500.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

The trustee shall pay **Rooms To Go (Furniture)** the sum of **$10.00** or more per month, along with **5.25%** interest until the secured claim of **$500.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

The trustee shall pay **1st Capital Finance(Household goods)** the sum of **$0.00** or more per month, along with **0%** interest until the secured claim of **$0.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

The trustee shall pay **Republic Finance(Household goods)** the sum of **$0.00** or more per month, along with **0%** interest until the secured claim of **$0.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):

The trustee shall pay **BBS Auto Sales (2008 Ford Escape Utility)** the sum of **$114.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

The trustee shall pay **Nissan Motor Acceptance (2013 Nissan Maxima Sedan)** the sum of **$640.00** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

6. Surrender of property:
The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: -NONE-. Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. Secured tax debt:
The trustee shall pay _ the sum of $ 0.00 or more per month until the net balance of creditor's secured claim plus 0 % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. Priority Creditors: Priority claims shall be paid as follows:

1. Domestic Support Claims. 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages.
    The trustee shall pay the pre-petition domestic support obligation arrearage to -NONE-, at the rate of $(amount) or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. §101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

    2. <u>Other Priority debt.</u>  The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.
**Internal Revenue Service**

D.   <u>Executory Contracts and Unexpired Leases</u>:  Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ __0.00__ or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E.   <u>General Unsecured Creditors</u>:  General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **does not** propose to pay 100% of general unsecured claims.

**V.  PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

VI. Wage order from VA is requested.

Date:  December 18, 2014                BY:  /s/ F. Lee O'Steen
                                                             F. Lee O'Steen ~08032
                                                             P.O. Box 36534
                                                             Rock Hill, SC 29732
                                                             (803) 327-5300
                                                             Attorney for the Debtor/*Pro Se* Debtor
                                                             District Court I.D. 08032

/s/ Gale Haig Walker
Gale Haig Walker
Debtor

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

```
*EQUIFAX INFORMATION SERVICES LLC
PO BOX 740256
ATLANTA GA 30374


*EXPERIAN
PO BOX 2002
ALLEN TX 75013


*FHA
451 7TH STREET SW
WASHINGTON DC 20410


*GEORGE CONITS
U.S. ATTORNEY GENERAL OFFICE
55 BEATTIE PLACE, SUITE 700
GREENVILLE SC 29601


*INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 7346
PHILADELPHIA PA 19101-7346


*LANCASTER COUNTY CLERK OF COURT
P.O. BOX 1809
LANCASTER SC 29721


*NORTH CAROLINA DEPARTMENT OF REVENUE
ANGELA C. FOUNTAIN BANKRUPTCY MANAGER
COLLECTIONS EXAMINATION DIVISION
P.O. BOX 1168
RALEIGH NC 27602


*SOUTH CAROLINA ATTORNEY GENERAL
HONORABLE ALAN WILSON
P.O. BOX 11549
COLUMBIA SC 29211


*SOUTH CAROLINA DEPARTMENT OF REVENUE
P.O. BOX 12265
COLUMBIA SC 29211


*TRANS UNION CORPORATION
PO BOX 2000
CRUM LYNNE PA 19022
```

```
*U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIE AVENUE, NW
WASHINGTON DC 20530-0001


*US ATTORNEY FOR SC
1441 MAIN STREET
COLUMBIA SC 29201


*US DEPT OF VETERANS AFFAIRS
P.O. BOX 530269
ATLANTA GA 30353


*USDA
P.O. BOX 66827
SAINT LOUIS MO 63116


*YORK COUNTY CLERK OF COURT
PO BOX 649
YORK SC 29745


*YORK COUNTY MASTER IN EQUITY
PO BOX 627
YORK SC 29745


1ST CAPITAL FINANCE
2595 CHERRY ROAD
ROCK HILL SC 29732


ASPIRE
PO BOX  105555
ATLANTA GA 30348


ASPIRE
PO BOX 790317
SAINT LOUIS MO 63179


AT&T
PO BOX 105503
ATLANTA GA 30348


BARCLAYS BANK DELAWARE
ATTN: BANKRUPTCY
P.O. BOX 8801
WILMINGTON DE 19899
```

```
BARCLAYS BANK DELAWARE
P.O. BOX 8803
WILMINGTON DE 19899


BBS AUTO SALES
132 S SUTTON ROAD
FORT MILL SC 29708


CAPITAL ONE
PO BOX 71083
CHARLOTTE NC 28272


CAPITAL ONE, N.A.
CAPITAL ONE BANK (USA) N.A.
PO BOX 30285
SALT LAKE CITY UT 84130


CAPITAL ONE, N.A.
PO BOX 85520
RICHMOND VA 23285


CARE CREDIT
ATTN: BANKRUPTCY
PO BOX 103104
ROSWELL GA 30076


CAROLINAS HEALTHCARE SYSTEM
PO BOX 32861
CHARLOTTE NC 28232


CECRB/ROOMS TO GO
C/O PO BOX 965036
ORLANDO FL 32896


CHASE
PO BOX 15298
WILMINGTON DE 19850


CHASE
PO BOX 17281
WILMINGTON DE 19850
```

```
CITIBANK SD, NA
ATTN: CENTRALIZED BANKRUPTCY
PO BOX 20363
KANSAS CITY MO 64195


CITIBANK SD, NA
PO BOX 6241
SIOUX FALLS SD 57117


CITIBANK/THE HOME DEPOT
CITICORP CREDIT SRVS/CENTRALIZED BANKRUP
PO BOX 790040
SAINT LOUIS MO 63179


CITIBANK/THE HOME DEPOT
PO BOX 6497
SIOUX FALLS SD 57117


CITY NTL BK/OCWEN LOAN SERVICE
12650 INGENUITY DR
ORLANDO FL 32826


CMC PINEVILLE
PO BOX 76072
CHARLOTTE NC 28296


CREDIT ONE BANK
PO BOX 98873
LAS VEGAS NV 89193


CREDIT ONE BANK
PO BOX 98875
LAS VEGAS NV 89193


FIRST NATIONAL CREDIT CARD
PO BOX 5097
SIOUX FALLS SD 57117


FIRST NATIONAL CREDIT CARD
PO BOX 2496
OMAHA NE 68103


FIRST PREMIER BANK
3820 N LOUISE AVE
SIOUX FALLS SD 57107
```

```
FIRST PREMIER BANK
PO BOX 5529
SIOUX FALLS SD 57117


GECRB/ OLD NAVY
PO BOX 965005
ORLANDO FL 32896


GECRB/CARE CREDIT
950 FORRER BLVD
KETTERING OH 45420


GECRB/WALMART
PO BOX 965024
ORLANDO FL 32896


INTERSTATE CREDIT COLLECTIONS
ATTN: BANKRUPTCY NOTICE
711 COLISEUM PLAZA COURT
WINSTON-SALEM NC 27106


INTERSTATE CREDIT COLLECTIONS
711 COLISEUM PLAZA CT
WINSTON SALEM NC 27106


MERRICK BANK
ATTN: BANKRUPTCY
P.O. BOX 9201
OLD BETHPAGE NY 11804


MERRICK BK
PO BOX 9201
OLD BETHPAGE NY 11804


MILITARY STAR
3911 WALTON WALKER
DALLAS TX 75266


MONTEREY FINANCIAL SVC
PO BOX 5199
OCEANSIDE CA 92052


MONTEREY FINANCIAL SVC
4095 AVENIDA DE LA PLATA
OCEANSIDE CA 92056
```

```
NAVIENT
PO BOX 9655
WILKES BARRE PA 18773


NCO FINANCIAL
PO BOX 15456
WILMINGTON DE 19850


NISSAN MOTOR ACCEPTANCE
PO BOX 660360
DALLAS TX 75266


OCWEN LOAN SERVICE
ATTN: BANKRUPTCY
P.O. BOX 24738
WEST PALM BEACH FL 33416


OLD NAVY
ATTENTION: GEMB
PO BOX 103104
ROSWELL GA 30076


OLD NAVY
PO BOX 530942
ATLANTA GA 30353


ONEMAIN FINANCIAL
PO BOX 499
HANOVER MD 21076


PIEDMONT MEDICAL CENTER
PO BOX 741270
ATLANTA GA 30384


PREFERRED CREDIT INC
PO BOX 1970
ST CLOUD MN 56302


PREFERRED CREDIT INC
400 SOUTH 1ST ST
ST CLOUD MN 56301


REPUBLIC FINANCE
3071 HIGHWAY 21 BYPASS STE 108
FORT MILL SC 29715
```

```
ROOMS TO GO
ATTN: BANKRUPTCY
PO BOX 103104
ROSWELL GA 30076


SEARS/CBNA
PO BOX 6282
SIOUX FALLS SD 57117


SELECT PORTFOLIO SERVICING
PO BOX 65250
SALT LAKE CITY UT 84165


SPECIAL FINANCING COMPANY LLC
2504 BUILDAMERICA DRIVE
HAMPTON VA 23666


SPRINT
PO BOX 4191
CAROL STREAM IL 60197


SYNCB/BELK
PO BOX 965028
ORLANDO FL 32896


SYNCHRONY BANK
PO BOX 960061
ORLANDO FL 32896


TARGET
PO BOX 673
MINNEAPOLIS MN 55440


THE EXCHANGE
PO BOX 740890
CINCINNATI OH 45274


WALMART
ATTN: BANKRUPTCY
PO BOX 103104
ROSWELL GA 30076


WELLS FARGO CARD SER
PO BOX 14517
DES MOINES IA 50306
```

```
WELLS FARGO CARD SERVICE
1 HOME CAMPUS
3RD FLOOR
DES MOINES IA 50328


YORK COUNTY MAGISTRATE - FORT MILL
114 SPRINGS COURT
FORT MILL SC 29715
```